Hovanes Margarian, SBN 246359
hovanes@margarianlaw.com
Armen Margarian, SBN 313775
armen@margarianlaw.com
Shushanik Margarian, SBN 318617
shushanik@margarianlaw.com
THE MARGARIAN LAW FIRM
801 North Brand Boulevard, Suite 210
Glendale, California 91203
Telephone Number: (818) 553-1000
Facsimile Number: (818) 553-1005

Attorneys for Plaintiff
BRIGHTK CONSULTING INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGHTK CONSULTING INC., as a California Corporation, on behalf of itself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>vs.<br><br>BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 8:21-cv-02063-CJC (JDEx)<br><br>*Judge: Hon. Cormac J. Carney*<br><br>**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND DIRECTION OF NOTICE UNDER FED. R. CIV. P. 23(e)**<br><br>[Filed Concurrently with Declaration of Hovanes Margarian in Support Thereof (with exhibits thereto) and [Proposed] Preliminary Approval Order]<br><br>Complaint Filed: December 16, 2021 |

4893-4876-0885.1

Case No. 21-cv-02063-CJC (JDEx)

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND DIRECTION OF NOTICE UNDER FED. R. CIV. P. 23(e)

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that on October 31, 2022, at 1:30 p.m., or as soon thereafter as the matter can be heard, in Courtroom 9 B of the Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, CA 92701, Plaintiff BRIGHTK CONSULTING INC. ("Plaintiff"), by and through its attorneys of record, on behalf of itself all others similarly situated, will, and hereby does, move this Court to:

1. Preliminarily approve the settlement described in the Class Action Settlement Agreement and Release ("Settlement Agreement"), attached as Exhibit A to the Declaration of Hovanes Margarian;

2. Conditionally certify the Settlement Class;

3. Appoint Plaintiff as Settlement Class Representative;

4. Appoint the undersigned counsel as Class Counsel;

5. Approve distribution of the proposed Class Notice to the Settlement Class;

6. Appoint Kroll Settlement Administration as the Claims Administrator;

7. Permit Plaintiff to file a First Amended Complaint that conforms the class definition to the definition of the Settlement Class; and

8. Set a hearing date and briefing schedule for Final Approval and Plaintiff's motion for attorney's fees, costs, and expenses.

This Motion is based upon: (1) this Notice of Motion and Motion for Preliminary Approval of Class Action Settlement and Class Notice; (2) the Memorandum of Points and Authorities in Support of Motion for Preliminary Approval of Class Action Settlement and Class Notice; (3) the Declaration of Hovanes Margarian and exhibits thereto which include, *inter alia*, the Settlement Agreement (with proposed Class Notice and Claim Form), the Declaration of Fang Lin, and the Declaration of Jed D. Melnick of JAMS; (5) the records, pleadings, and papers filed in this action; and (6) such other documentary and oral evidence or argument as may be presented to the Court at or

prior to the hearing on this Motion.

DATED: 9/30/2022

THE MARGARIAN LAW FIRM
801 North Brand Boulevard, Suite 210
Glendale, California 91203

By: */s/ Hovanes Margarian*
Hovanes Margarian
Attorney for Plaintiff
BRIGHTK CONSULTING INC.

# TABLE OF CONTENTS

I.   INTRODUCTION ------------------------------------------------------- 7

II.  CASE HISTORY ------------------------------------------------------- 9

III. TERMS OF THE SETTLEMENT ------------------------------------------ 10

IV.  LEGAL STANDARD ---------------------------------------------------- 13

V.   THE PROPOSED SETTLEMENT MERITS PRELIMINARY APPROVAL - 15

A.   Class Representative and Class Counsel have zealously represented the Class. 15

B.   The Proposed Settlement is the product of good faith, informed, and arm's-length negotiations, and it is fair. --------------------------------------------- 16

C.   The Proposed Settlement provides significant benefits to settle claims. ------ 17

D.   The Proposed Settlement mitigates the risks, expenses, and delays the Class would bear with continued litigation. ---------------------------------------- 17

E.   The Proposed Settlement allows Class Members to easily obtain relief. ----- 18

F.   Class Counsel will seek reasonable attorneys' fees and costs, which will be paid separately by BMW NA and not dilute any recovery to Class Members. ----------- 18

G.   The Proposed Settlement treats all Class Members equitably. ---------------- 19

VI.  CERTIFICATION IS APPROPRIATE FOR SETTLEMENT PURPOSES 19

1.   The Settlement Class is sufficiently numerous. ------------------------------ 19

2.   There are common questions of law and fact. -------------------------------- 20

3.   Plaintiffs' claims are typical of the Class Members' claims. ---------------- 20

4.   Plaintiff and Class Counsel have protected, and will continue to protect, the interests of the Settlement Class. ----------------------------------------------- 21

B.   The Settlement Class meets the requirements of Rule 23(b)(3). --------------- 22

1.   Common issues of law and fact predominate. -------------------------------- 22

1        2.    Class treatment is superior to other available methods. ---------------------- 23

2    **VII. THE PROPOSED NOTICE PROGRAM IS ADEQUATE ------------------- 24**

3    **VIII.   CONCLUSION ----------------------------------------------------------------- 25**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND
DIRECTION OF NOTICE UNDER FED. R. CIV. P. 23(e)

Cases

*Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997)....................................19, 22, 23

*Byrne v. Santa Barbara Hosp. Serv., Inc.*, 2017 WL 5035366, at *8 (C.D. Cal. Oct. 30, 2017) ....................................................................................................................16

*Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 989 (11th Cir. 2016) ............................23

*Churchill Vill., L.L.C., v. GE*, 361 F.3d 566, 575 (9th Cir. 2004)................................24

*Cohen v. Trump*, 303 F.R.D. 376, 382 (S.D. Cal. 2014) ..............................................20

*Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1030 (9th Cir. 2012) ............21

*Glover v. Laguna Beach*, 2018 WL 6131601, at *2 (C.D. Cal. July 18, 2018) ..........14

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 10206 (9th Cir. 1998)............15, 21, 22, 23

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) ........16

*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) ..................16, 18

*In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079-80 (N.D. Cal. 2007) ... 14

*In re Volkswagen "Clean Diesel" Marketing, Sales Practices, & Prods. Liab. Litig.*, 2016 WL 6248426, at *23 (N.D. Cal. Oct. 25, 2016) ..............................................19

*Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1165 (9th Cir. 2014)..............................20

*Keegan v. Am. Honda Motor Co.*, 284 F.R.D. 504, 532-34 (C.D. Cal. 2012) ............23

*Kim v. Space Pencil, Inc.*, 2012 WL 5948951, at *5 (N.D. Cal. Nov. 28, 2012)........17

*Loritz v. Exide Tech.*, 2015 WL 6790247, at *6 (C.D. Cal. July 21, 2015) ................22

*Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980)...............24

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)................24

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004) ..........................................................................................................15, 17

*Nobles v. MBNA Corp.*, 2009 WL 1854965, at *2 (N.D. Cal. June 29, 2009)............17

*Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982) ..........15

*Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036, 1041 (N.D. Cal. 2007) ......................18

*Parkinson v. Hyundai Motor Am.*, 258 F.R.D. 580, 596-97 (C.D. Cal. 2008) ............23

4893-4876-0885.1          5          Case No. 21-cv-02063-CJC (JDEx)

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND
DIRECTION OF NOTICE UNDER FED. R. CIV. P. 23(e)

*Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014) .............................................. 20, 21

*Radcliffe v. Experian Info. Sols., Inc*., 715 F.3d 1157, 1165 (9th Cir. 2013) ............... 21

*Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010) .......................................... 21

*Rosales v. El Rancho Farms*, 2015 WL 4460918, at *16 (E.D. Cal. July 21, 2015) .. 16

*Rosen v. J.M. Auto Inc.*, 270 F.R.D. 675, 681-82 (S.D. Fla. 2009) ............................. 23

*Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 654 (C.D. Cal. 2000) ................................... 19

*Stockwell v. City & Cty. of San Francisco*, 749 F.3d 1107, 1111 (9th Cir. 2014) ....... 20

*Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) ......................... 22, 23

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ................................................. 20

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 369 (2011) ........................................ 20

*Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010).. 21, 23

Statutes

28 U.S.C. § 1715 ........................................................................................................ 25

Fed. R. Civ. P. 23 ................................................................................................. passim

Other Authorities

MANUAL FOR COMPLEX LITIGATION (FOURTH) (2004) ......................... 13, 19

## I.    INTRODUCTION

Plaintiff and Defendant BMW of North America, LLC ("BMW NA"), have reached a proposed settlement (the "Proposed Settlement") to resolve class allegations regarding an alleged defect in the front console cupholders contained in 2019-2022 BMW X5 (G05; start of production ("SOP") 11/2018), 2020-2022 X6 (G06; SOP 11/2019), 2019-2022 X7 (G07; SOP 3/2018), 2020-2022 X5M (F95; SOP 4/2020), 2020-2022 X6M (F96; SOP 4/2020) vehicles (individually referred to as "Class Vehicle," collectively referred to as "Class Vehicles").[1] The Proposed Settlement is the result of prolonged arm's length negotiations during two (2) mediation sessions and ongoing settlement dialogue between May 2022 through July 2022 with mediator Jed D. Melnick of JAMS.

The Proposed Settlement provides substantial relief to the proposed Settlement Class to address the claimed defect that is the subject of this suit: a supplemental restraint system ("SRS") warning light illumination (and related damage to other components located below the cupholder) that a BMW Center (dealer) determines was caused by liquid that spilled or that otherwise seeped through the cupholder(s) on the front center console of a Class Vehicle onto components below the center console

---

[1] Plaintiff's Class Action Complaint for Damages (Dkt. 1) defined the class as a putative nationwide class that includes 2020 model year X7 vehicles. (Dkt. 1, ¶ 1.) Through the parties' mediation and confirmatory discovery process, the parties agreed that this putative class definition (i.e. the model and model years of vehicles) should be expended such that the settlement benefits apply to additional vehicles—namely, those in the Class Vehicle definition set forth herein and in the Settlement Agreement. As set forth in the concurrently-filed Proposed Preliminary Approval Order, Plaintiff seeks leave to file a First Amended Class Action Complaint that conforms the class definition in the operative complaint to the Settlement Class definition in the proposed settlement. Because the parties have agreed to settle this case on a class basis, they have agreed that BMW NA need not file a responsive pleading once the First Amended Complaint is filed.

("Eligible Repair" or "Eligible Repairs"). The Proposed Settlement provides substantial relief to the Class Members in the form of a 7 year/75,000 mile warranty coverage for Eligible Repairs that become necessary after the dissemination of the Class Notice[2]. The Proposed Settlement also provides a mechanism for Class Members[3] to receive full reimbursement for eligible out-of-pocket expenses incurred prior to the Class Notice for Eligible Repairs provided they supply the Required Proof[4] to support their Claim. Further, the Proposed Settlement provides a mechanism for BMW NA to separately pay reasonable attorneys' fees and costs and a plaintiff service award so that these payments will not dilute any of the benefits available to the Class.

As described in detail below, the Proposed Settlement is fair, adequate, and reasonable and provides direct and significant benefits to the Settlement Class, while avoiding the risks and delays associated with further litigation. Accordingly, Plaintiff requests that the Court grant this motion for preliminary approval, approve the form and manner of notice to the Settlement Class, grant Plaintiff leave to file a First Amended Complaint that conforms the putative class definition to the definition of the Settlement Class in the Settlement Agreement, and to set the Final Approval Hearing.

///

///

---

[2] "Class Notice" or "Settlement Class Notice" means the Court-approved form of notice to current and former owners and lessees of Class Vehicles, in substantially the same form as that attached to the Settlement Agreement as Exhibit "A," informing them of, among other things, the (i) preliminary approval of the Settlement; (ii) scheduling of the Final Approval Hearing; (iii) opportunity to submit a claim; (iv) opportunity to submit an objection; and (v) opportunity to request exclusion.

[3] "Class Members," "Class Members," or "Settlement Class" means all current and former owners and lessees of a Class Vehicle in the United States, including the District of Columbia and Puerto Rico who do not exclude themselves from (opt-out of) the class.

[4] All capitalized terms used in this motion refer to the parallel defined term in the Settlement Agreement.

## II.    CASE HISTORY

Plaintiff contends the front console cupholders in Class Vehicles are defective because liquid that is spilled into them may leak or seep through the cupholders and, if the moisture reaches components below the console, the SRS warning light may illuminate on the dashboard and/or other components below the cupholder may be damaged, which require a dealer repair. [Dkt. 1, ¶ 3]. Plaintiff initiated this class action on December 16, 2021, contending that SRS illumination repair costs necessitated by liquid that seeps through the front console cupholders should be borne by BMW NA. (*Id.*)  Prior to this suit, BMW NA's warranty did not cover costs for an Eligible Repair because this damage was caused by an "outside influence." Plaintiff contends BMW NA was aware of this defect in the cupholders and did not disclose it at the time of purchase to consumers.  (*Id.* ¶ 7.)  Thus, Plaintiff's Complaint alleges that BMW NA committed fraud and deceit, breached express and implied warranties pursuant to the Song-Beverly Consumer Warranty Act (Civil Code § 1790, et seq.) and the Magnuson-Moss Warranty Act (15 U.S.C. § 2301, *et seq.*), violated the California Consumer Legal Remedies Act ("CLRA") (Civil Code § 1750, *et seq.*), California Unfair Competition Law ("UCL") (Business and Professions Code § 17200, et seq.)   and False Advertisement Law ("FAL") (Business and Professions Code § 17500, *et seq.*). [Dkt. 1, pp. 22-45].

Shortly after Plaintiff filed the instant action, the Parties agreed to participate in an early mediation, to discuss the facts and law relating to the matters in the present action and determine if an equitable class resolution can be achieved without further litigation.  (Declaration of Hovanes Margarian ("Margarian Dec.") ¶ 14.) Thus, on March 28, 2022, the Parties requested to Court to enter an Order to stay the instant action pending the anticipated May 9, 2022, mediation in this matter.

On May 9, 2022, the Parties participated in a full-day in-person mediation with Jed D. Melnick of JAMS in New York.  Margarian Dec. ¶17. The Parties discussed their respective positions and exchanged numerous settlement proposals with Mr.

1  Melnick's help during this seven (7) hour mediation session. Margarian Dec. ¶ 18. The
2  case did not settle on May 9, 2022, but the Parties made significant progress on a
3  potential class resolution.  Margarian Dec. ¶ 19.

4      The Parties continued their settlement dialogue through Mr. Melnick after May
5  9, 2022.  Margarian Dec. ¶ 20.  Among other things, the Parties discussed relevant facts,
6  continued to exchange settlement proposals and counter proposals, and BMW NA
7  provided informal discovery that allowed Class Counsel to conduct a thorough
8  examination and investigation related to the subject matter of the instant case.
9  Margarian Dec. ¶ 20. Because their settlement dialogue was ongoing, on July 5, 2022,
10 the Parties requested that this Court extend the stay in this action by an additional sixty
11 (60) days while the Parties continued their settlement negotiations.

12     On July 12, 2022, the Parties participated in a second mediation with Mr.
13 Melnick, and after a half-day mediation agreed to the terms of a proposed class action
14 settlement. Margarian Dec. ¶ 22.  The Parties signed a Memorandum of Understanding
15 on July 28, 2022.  Margarian Dec. ¶ 23.

16     On September 6, 2022, per the Parties' request the Court ordered the
17 instant action to stay in by an additional thirty (30) days up until and including
18 September 30, 2022, in order the Parties to finalize their settlement documents and
19 prepare to file a motion for preliminary approval of the settlement.

20 **III.  TERMS OF THE SETTLEMENT**

21     The Settlement Class generally includes  all current and former owners and
22 lessees of a Class Vehicle in the United States, including the District of Columbia and
23 Puerto Rico who do not exclude themselves from (opt-out of) the class.  Margarian
24 Dec., Ex. A (¶ 1.HH).  BMW NA will pay for and provide Class Notice by first
25 class mail (and electronic mail to Class Members, where possible).  Margarian Dec.,
26 Ex. A (¶ 16.A).

27     The major Settlement Agreement benefits are as follows:

28     -   **Warranty Coverage for Eligible Repairs after Mailing Date of Class**

**Notice (Automatic Relief)**. After the Mailing Date of the Class Notice[5], any Class Vehicle that requires an Eligible Repair will be repaired by a BMW Center free of charge during the Extended Warranty Period[6]. To ensure continued customer satisfaction and in accordance with this Settlement Agreement, BMW NA will implement the Extended Warranty Period as soon as practicable by way of the Class Notice and will inform Class Members of warranty coverage available for Eligible Repairs. No reimbursement is available for Out-of-Pocket Costs[7] incurred for Eligible Repairs after the Mailing Date of Class Notice. Margarian Dec. ¶ 30, Ex. A (¶ 3).

- **Reimbursement of Out-of-Pocket Costs Incurred Prior to Mailing Date of Class Notice (Claims Submission)**. Class Members who have incurred Out-of-Pocket Costs may file a Claim[8] for reimbursement up to one hundred twenty (120) days after the Mailing Date of the Class Notice or up until the Court issues its order on final

---

[5] "Mailing Date of the Class Notice" means the date when the Class Notice will be mailed to Class Members by the Claims Administrator. Margarian Dec., Ex. A (¶ 1.S).

[6] "Extended Warranty Period" means the period of 7 years/75,000 miles (whichever occurs first), from the date the Class Vehicles was first placed in service, during which an Eligible Repair may be performed. Margarian Dec., Ex. A (¶ 1.O).

[7] "Out-of-Pocket Costs" mean money paid by Class Members to a BMW Center for an Eligible Repair prior to the Mailing Date of the Class Notice, and that was not otherwise paid for or covered by BMW NA under warranty or goodwill, covered by insurance, or under a third-party reimbursement program or service contract. No other costs, including but not limited to, costs for rental vehicles and/or loaners, towing costs, or other claimed incidental or consequential costs are eligible for reimbursement as Out-of-Pocket Costs. Out-of-Pocket Costs incurred after the Mailing Date of the Class Notice are not eligible for reimbursement since Eligible Repairs after that date will be repaired pursuant to the Extended Warranty Period and paid for by BMW NA. Margarian Dec., Ex. A (¶ 1.W).

[8] "Claim" means a timely request for reimbursement for an Out-of-Pocket Cost. Margarian Dec., Ex. A (¶ 1.C).

4893-4876-0885.1

11

Case No. 21-cv-02063-CJC (JDEx)

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND DIRECTION OF NOTICE UNDER FED. R. CIV. P. 23(e)

approval of the Settlement[9], whichever is earlier. Approved claims will be paid on a rolling basis within sixty (60) days after the Settlement's Effective Date[10] and approval of the Claim. Margarian Dec. ¶ 30, Ex. A (¶ 4). To receive reimbursement on a Claim for an Out-of-Pocket Cost, Class Members must submit a Claim Form to the Claims Administrator that is post-marked during the Claims Submission Period or submitted through the online portal during the Claims Submission Period and includes:

1) a legible repair order from a BMW Center that identifies a Settlement Class Vehicle and VIN, and that establishes a BMW Center determination that the repair for which reimbursement is sought was caused by liquid seeping or leaking through the front console cupholders onto components below; and

2) proof of payment, in the form of a canceled check, credit-card receipt, credit-card statement, or receipt demonstrating that the Class Member paid for the amount(s) sought for reimbursement (a repair order that itself denotes a payment by check or credit card that is issued from a BMW Center is sufficient proof of payment); and

3) the mileage of the Settlement Class Vehicle at the time of Eligible Repair and the date of the Eligible Repair, and

4) a description of the Eligible Repair performed with indications as to the parts and labor for the repair.

Reimbursement amounts will be reduced by goodwill or other adjustment,

---

[9] "Settlement" means the agreement by the Parties to resolve the Action, the terms of which have been memorialized and provided for in this Settlement Agreement and all the exhibits attached hereto. Margarian Dec., Ex. A (¶ 1.DD).

[10] "Effective Date" means the earliest of the following: (1) the date on which the time for appeal from the Final Judgment approving the settlement has elapsed without any appeals being filed; or (2) the date on which all appeals from the Final Judgment approving this Settlement or from any appellate court decisions affirming the Final Judgment have been exhausted, and no further appeal may be taken. Margarian Dec., Ex. A (¶ 1.M.)

coupon, refund, or payment made by an authorized BMW Center, BMW NA, any person or entity associated with BMW NA, an insurer, or a provider of an extended service contract. Margarian Dec. ¶ 30, Ex. A (¶ 4.)

- **Attorney's Fees and Expenses**. BMW NA will pay Class Counsel's[11] reasonable attorneys' fees and expense reimbursements ("Class Counsel Fees and Expenses") in an amount consistent with the terms of the Settlement Agreement and as approved by the Court. Margarian Dec. ¶ 30, Ex. A (¶ 29.) Payment of attorneys' fees and expense reimbursement will not impact or diminish any of the Settlement benefits available to the Class.

In exchange for these benefits, all Class Members who do not opt-out of the Settlement Class will be subject to a release of their claims against Released Parties[12] related to all claims, including demands, rights, liabilities, and causes of action, of every nature and description that were asserted or could have been asserted in this action, which relate to or arises out of complaints or concerns that led to or may lead to an Eligible Repair, excluding claims for property damage or personal injury.

## IV.    LEGAL STANDARD

The MANUAL FOR COMPLEX LITIGATION (FOURTH) (2004) ("Manual") describes a three-step process to approve a class settlement: (i) preliminary approval;  (ii) dissemination of the notice to class members, providing for an objection period; and (iii) a formal fairness and final settlement approval hearing. *Manual*

---

[11] "Class Counsel" means The Margarian Law Firm.  Margarian Dec., Ex. A (¶ 1.FF).

[12] "Released Parties" means BMW NA and its direct and indirect parents, subsidiaries, affiliates, successors in interest, officers, directors, agents, authorized BMW dealers, attorneys, and all other persons or entities acting on their behalf; suppliers, licensors, licensees, distributors, assemblers, partners, component part designers, manufacturers, holding companies, joint ventures, and any individuals or entities involved in the chain of design, development, testing, manufacture, sale, assembly, distribution, marketing, advertising, financing, warranting, repair, and maintenance of the Settlement Class Vehicles and their component parts.  Margarian Dec., Ex. A (¶ 27.A.)

§21.63. The preliminary approval stage is an "initial evaluation" of the fairness of the settlement. *Id*. at § 21.632. This motion invokes the first two steps. Preliminary approval should be granted "[i]f the proposed settlement 'appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *Glover v. Laguna Beach*, 2018 WL 6131601, at *2 (C.D. Cal. July 18, 2018) (quoting *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079-80 (N.D. Cal. 2007)).[13]

Rule 23(e)(2) of the Federal Rules of Civil Procedure directs courts to consider a number of factors, including whether: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account the costs, risks, and delay, the effectiveness of distributing relief to the class, the terms of any proposed award of attorney's fees, and any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other. These factors are not intended "to displace any factor [previously utilized by district courts], but rather to focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal." Fed. R. Civ. P. 23, 2018 Amendment Notes to Section (e)(2).

---

[13] Evaluating fairness is not a trial, and the court does not "reach any ultimate conclusions on the contested issues of fact and law which underlie the merits." *Officers for Justice v. Civil Service Comm'n,* 688 F.2d 615, 625 (9th Cir. 1982). Rather, the Court's "only role" is to ensure that the settlement is "fair, adequate, and free from collusion." *Lane v. Facebook, Inc.,* 696 F.3d 811, 819 (9th Cir. 2012), *cert. denied,* 134 S. Ct. 8 (2013) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998)). As a matter of "express public policy," federal courts favor settlements, particularly in class actions, where the costs, delays, and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain. *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *see also* Herbert B. Newberg & Alba Conte, NEWBERG ON CLASS ACTIONS ("*Newberg*") §13:1 (5th ed.)

Similar to the Fed. R. Civ. P. 23(e)(2) factors, the Ninth Circuit considers the following factors in determining whether a settlement is fair, reasonable, and adequate: "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 10206 (9th Cir. 1998). The importance of any particular factor depends on the nature of the claims, the types of relief sought, "and the unique facts and circumstances presented by each individual case," and one factor alone may prove determinative. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *see also Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004).

## V.     THE PROPOSED SETTLEMENT MERITS PRELIMINARY APPROVAL

Both the Fed. R. Civ. P. 23(e)(2)(A)-(D) and Ninth Circuit factors for evaluating the fairness of a settlement weigh in favor of preliminary approval here.

### A.     Class Representative and Class Counsel have zealously represented the Class.

The Class Representative[14] and the Class Counsel have prosecuted this action with vigor and dedication and, due to their pre-filing investigation and mediation-related discovery, developed substantial evidence. *See* Fed. R. Civ. P. 23(e)(2)(A). Class Counsel and Plaintiff worked tirelessly to deliver the Proposed Settlement. Margarian Dec. ¶ 25, Declaration of Fang Lin ("Lin Dec.") ¶ 8[15]. Plaintiff assisted

---

[14] "Settlement Class Representative" means Brightk Consulting, Inc. (acting by and through its principal, Lin Fang). Margarian Dec., Ex. A (¶ 1.JJ.), Lin Dec. ¶ 2

[15] Declaration of Fang Lin is attached as Exhibit C to the Declaration of Hovanes Margarian

Class Counsel with fact development and discovery and regularly communicated with counsel to remain up to date on the litigation the Settlement process, and the status of its vehicle condition and repair. Margarian Dec. ¶ 15, Lin Dec. ¶ 6. Further, the Class Counsel's analysis of the confirmatory discovery and the Class Counsel's independent investigation establishes they have gathered, reviewed, and assessed sufficient information to enter into a reasoned and well-informed Settlement here. *See, e.g., In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) ("significant investigation, discovery and research" provides parties with sufficient information to make informed settlement decisions); *Byrne v. Santa Barbara Hosp. Serv., Inc.*, 2017 WL 5035366, at *8 (C.D. Cal. Oct. 30, 2017) ("[t]he parties must . . . have engaged in sufficient investigation of the facts to enable the court to intelligently make an appraisal of the settlement") (citation omitted). Both the Class Counsel and Plaintiff have adequately represented the interests of the Class.

**B.      The Proposed Settlement is the product of good faith, informed, and arm's- length negotiations, and it is fair.**

The Proposed Settlement is the product of informed, non-collusive, arm's length negotiations facilitated by an experienced mediator. See Fed. R. Civ. P. 23(e)(2)(B). Negotiations were difficult and protracted. Margarian Dec. ¶ 25. Mediator Jed D. Melnick of JAMS played a crucial role in helping the parties bridge their differences and evaluate the strengths and weaknesses of their respective positions. Margarian Dec. ¶ 26. Two formal mediations were held, in addition to numerous informal communications. Margarian Dec. ¶¶ 17-22. On July 12, 2022, the Parties reached agreement on material terms to settle the action and executed a Memorandum of Understanding shortly thereafter. Margarian Dec. ¶¶ 22-23. The Parties then spent months finalizing the release, the Settlement Agreement, and related documents. Margarian Dec. ¶ 32. The adversarial nature of the litigation and mediator Melnick's role weigh in favor of preliminary approval. *Rosales v. El Rancho Farms*, 2015 WL 4460918, at *16 (E.D. Cal. July 21, 2015) (quoting *In re Bluetooth Headset Prods.*

*Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011)).

**C.    The Proposed Settlement provides significant benefits to settle claims.**

The Proposed Settlement provides substantial relief, considering (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed distribution plan; and (iii) the fair terms of the proposed award of attorney's fees. *See* Fed. R. Civ. P. 23(e)(2)(C). Resolving these claims through a single class action is superior to potentially thousands of individual suits. "From either a judicial or litigant viewpoint, there is no advantage in individual members . . . prosecut[ing] . . . separate actions. There would be less litigation or settlement leverage, significantly reduced resources and no greater prospect for recovery." *Hanlon,* 150 F.3d at 1023. Indeed, the terms of the Proposed Settlement demonstrate the advantages of a collective bargaining resolution process.

**D.    The Proposed Settlement mitigates the risks, expenses, and delays the Class would bear with continued litigation.**

The Proposed Settlement secures significant benefits in the face of the inherent litigation uncertainties. *See Nobles v. MBNA Corp.*, 2009 WL 1854965, at *2 (N.D. Cal. June 29, 2009) ("risks and certainty" of "continued litigation are factors for the Court to balance in determining" fairness) (citing *Kim v. Space Pencil, Inc.*, 2012 WL 5948951, at *5 (N.D. Cal. Nov. 28, 2012)). While the Class Counsel believe in the strength of the case, they recognize there are uncertainties in litigation, trial, and appeal, making compromise in exchange for certain and timely provision to the Settlement Class of the significant benefits described herein a reasonable outcome. *See Nat'l Rural Telecomms.*, 221 F.R.D. at 526 ("In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results."). The significant benefits of the Proposed Settlement are based on the Parties' recognition of the respective strengths of each side's case measured against the risks and uncertainty associated with continued litigation, and the

possibility of appeals.[16] This Settlement is also informed by facts collected by the Class Counsel and shared by BMW NA as part of confirmatory discovery. It is highly uncertain whether the Settlement Class would be able to obtain a better outcome through continued litigation and trial. There is a risk that the Settlement Class would receive less or nothing at all at trial, and, even if Plaintiff prevailed at trial, potential recovery could come years in the future. That "risk of continued litigation balanced against the certainty and immediacy of recovery from the Settlement" strongly favors approval. *In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036, 1041 (N.D. Cal. 2007) (*citing In re Mego*, 213 F.3d at 458).

### E. The Proposed Settlement allows Class Members to easily obtain relief.

The Settlement provides automatic and significant benefits for the Class Members, who will all benefit from the warranty extension and where applicable, reimbursement of past Out-Of-Pocket costs for Eligible Repairs. Margarian Dec. ¶ 28, Ex. A (¶¶ 3-5.) The universal benefits available to all Class Members, combined with a simple claim process, allows Class Members to benefit from the Settlement without delay.

### F. Class Counsel will seek reasonable attorneys' fees and costs, which will be paid separately by BMW NA and not dilute any recovery to Class Members.

BMW NA has agreed to pay reasonable attorneys' fees and expense reimbursement to the Class Counsel as approved by the Court, and as consistent with the provisions of the Settlement Agreement. Margarian Dec. ¶ 30, Ex. A (¶ 28.) Importantly, the Parties did not begin negotiating attorneys' fees, expense

---

[16] Given Class Counsel's "experience and familiarity with the facts, their recommendation that the settlement be approved is entitled to significant weight." *Rosales*, 2015 WL 4460918, at *15 (*citing Nat'l Rural Telecomms.*, 221 F.R.D. at 528; *see also Barbosa v. Cargill Meat Solutions Corp.*, 297 F.R.D. 431, 447 (E.D. Cal. 2013).

reimbursement, or service awards[17] for Plaintiff until after all material settlement benefits for Class Members were negotiated. Margarian Dec. ¶ 34. Waiting until after the Settlement terms are nailed down before discussing fees is a practice routinely approved by courts as in the Class Members' best interest. *See, e.g., In re Volkswagen "Clean Diesel" Marketing, Sales Practices, & Prods. Liab. Litig.*, 2016 WL 6248426, at *23 (N.D. Cal. Oct. 25, 2016).

### G.    The Proposed Settlement treats all Class Members equitably.

The Proposed Settlement fairly and equitably allocates benefits among Class Members without any unwarranted preferential treatment of class representatives or segments of the Class. *See* Fed. R. Civ. P. 23(e)(2)(D). As noted above, each Class Member will receive automatic benefits under the Agreement (in the form of a warranty extension) and have the opportunity to file claims for reimbursement for eligible Out-of-Pocket costs (with Required Proof) incurred prior to the Class Notice.  Margarian Dec. ¶ 30, Ex. A (¶¶ 3-5.)

## VI.    CERTIFICATION IS APPROPRIATE FOR SETTLEMENT PURPOSES

### A.    The Settlement Class meets the requirements of Rule 23(a).

The Court should determine that the proposed Settlement Class meets the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997); *Manual*, § 21.632.

### 1.    *The Settlement Class is sufficiently numerous.*

Fed. R. Civ. P. 23(a)(1) requires the class to be so large that joinder of all members is impracticable, and numerosity is generally satisfied when the class exceeds 40 members. *See, e.g., Slaven v. BP Am., Inc*., 190 F.R.D. 649, 654 (C.D. Cal. 2000).

---

[17] Service awards "are fairly typical in class action cases" and "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W. Publ'g Corp*., 563 F.3d 948, 958-59 (9th Cir. 2009).

Through confirmatory discovery, BMW NA established that there are approximately 300,000 Class Vehicles included in the Settlement Class. Margarian Dec. ¶ 8. The large size of the Settlement Class and its geographic dispersal across the United States also renders joinder impracticable. *See Palmer v. Stassinos*, 233 F.R.D. 546, 549 (N.D. Cal. 2006). Numerosity is satisfied.

### 2. *There are common questions of law and fact.*

"Federal Rule of Civil Procedure 23(a)(2) conditions class certification on demonstrating that members of the proposed class share common 'questions of law or fact.'" *Stockwell v. City & Cty. of San Francisco*, 749 F.3d 1107, 1111 (9th Cir. 2014). Commonality "does not turn on the number of common questions, but on their relevance to the factual and legal issues at the core of the purported class' claims." *Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1165 (9th Cir. 2014). "Even a single question of law or fact common to the members of the class will satisfy the commonality requirement." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 369 (2011). Courts routinely find commonality where, as here, the class claims arise from a uniform course of conduct. *See, e.g., Cohen v. Trump*, 303 F.R.D. 376, 382 (S.D. Cal. 2014). The claims here are rooted in common questions of fact as to whether the front console cupholders in the Class Vehicles are defective and whether BMW NA knew about these defects prior to sale and/or lease. Answering these questions generates common answers "apt to drive the resolution of the litigation" for the Settlement Class as a whole. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). Thus, commonality is satisfied.

### 3. *Plaintiffs' claims are typical of the Class Members' claims.*

Fed. R. Civ. P. 23(a)(3)'s typicality requirement counsels that "'the claims or defenses of the representative parties are typical of the claims or defenses of the class.'" *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014) (quoting Fed. R. Civ. P. 23(a)(3)). "Like the commonality requirement, the typicality requirement is 'permissive' and requires only that the representative's claims are 'reasonably co-extensive with those

of absent class members; they need not be substantially identical.'" *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010) (*quoting Hanlon*, 150 F.3d at 1020); *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010). Typicality is thus satisfied where a plaintiff suffered a similar injury, and other class members were injured by the same course of conduct. *See Parsons*, 754 F.3d at 685; *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1030 (9th Cir. 2012). Plaintiff's claims and injuries are typical of the claims of and injuries suffered by the Class. Plaintiff and members of the Class alike all purchased or leased vehicles with the same allege defect and suffered the same types of injuries. Plaintiff's interest in obtaining a fair, reasonable, and adequate settlement are identical to the interests of the Settlement Class members. Accordingly, Plaintiffs have established the typicality element.

### 4. ***Plaintiff and Class Counsel have protected, and will continue to protect, the interests of the Settlement Class.***

Fed. R. Civ. P. 23(a)(4)'s adequacy requirement is met when "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "This requirement is rooted in due-process concerns — 'absent class members must be afforded adequate representation before entry of a judgment which binds them.'" *Radcliffe v. Experian Info. Sols., Inc.*, 715 F.3d 1157, 1165 (9th Cir. 2013) (quoting *Hanlon*, 150 F.3d at 1020). Adequacy entails a two-prong inquiry: "'(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Evon*, 688 F.3d at 1031 (quoting *Hanlon*, 150 F.3d at 1020). Both prongs are satisfied here.

Plaintiff has no interests that conflict with the Class Members and will continue to vigorously protect Class Members' interests, as they have throughout this litigation. Plaintiffs understands its duties as class representatives, has agreed to consider the interests of absent Class Members, and has actively participated in this litigation and will continue to do so. *See, e.g., Loritz v. Exide Tech.*, 2015 WL 6790247, at *6 (C.D.

Cal. July 21, 2015) ("All that is necessary is a 'rudimentary understanding of the present action and … a demonstrated willingness to assist counsel in the prosecution of the litigation.'"). As to counsel, since the beginning of this lawsuit, the Class Counsel have devoted hundreds of hours to identify, investigate, and litigate the claims of Plaintiff and the Settlement Class (and will continue to do so).  Margarian Dec. ¶ 15.  These efforts led to the Proposed Settlement that provides significant and meaningful benefits to the Settlement Class. And Class Counsel has deep experience in representing plaintiffs and classes in complex litigation, including automobile class actions and individual automotive defect litigation matters.  Margarian Dec. ¶ 2.

## B. The Settlement Class meets the requirements of Rule 23(b)(3).

Under Rule 23(b)(3), a class may be certified if a court finds that, "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." When "[c]onfronted with a request for settlement only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems … for the proposal is that there will be no trial." *Amchem*, 521 U.S. at 620.

### 1. *Common issues of law and fact predominate.*

"The predominance inquiry 'asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues.'" *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016). "When 'one or more of the central issues in the action are common to the class and can be said to predominate," certification is proper "even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual[s].'" *Id.* (citation omitted). "[W]hen common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022.

Plaintiff contends that the key evidence necessary to establish its claims is common to all members of the Settlement Class, who must prove, among other things, that the Class Vehicles have a common defect and that BMW NA's conduct was uniformly wrong. The evidence changes little if there are 100 Class Members or thousands: either way, Plaintiff would, for instance, present the same evidence that BMW NA was aware of the defect and concealed it, and that BMW NA caused economic loss to Plaintiff and the Class. These common issues "are more prevalent or important than the non-common, aggregation- defeating, individual issues." *Tyson Foods*, 136 S. Ct. at 1045. Courts often find that such issues predominate in auto defect class actions. *See, e.g., Wolin*, 617 F.3d at 1173; *Keegan v. Am. Honda Motor Co*., 284 F.R.D. 504, 532-34 (C.D. Cal. 2012); *Parkinson v. Hyundai Motor Am.*, 258 F.R.D. 580, 596-97 (C.D. Cal. 2008); *Rosen v. J.M. Auto Inc.*, 270 F.R.D. 675, 681-82 (S.D. Fla. 2009); *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 989 (11th Cir. 2016). Here, common issues of law and fact predominate.

### 2. *Class treatment is superior to other available methods.*

"The superiority inquiry . . . requires determination of whether the objectives of the particular class action procedure will be achieved in the particular case." *Hanlon*, 150 F.3d at 1023. There is no advantage here in having individual members control the prosecution of separate actions (even if some wanted to). *Id.* The Proposed Settlement demonstrates the advantages of a collective bargaining and resolution process. The efforts and funds required to marshal the evidence necessary to establish liability against BMW NA would discourage Class Members from pursuing individual litigation. *See Wolin*, 617 F.3d at 1175; *Amchem*, 521 U.S. at 617. The superiority of proceeding via the class action mechanism is demonstrated by the results of the Settlement, which, if approved, will provide the Settlement Class with meaningful benefits. The class action device provides the superior means to effectively and efficiently resolve this controversy.

///

# VII. THE PROPOSED NOTICE PROGRAM IS ADEQUATE

The Court "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Churchill Vill., L.L.C., v. GE*, 361 F.3d 566, 575 (9th Cir. 2004) (*quoting Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980)). The notice program, which consists of, among other things, a dedicated website and a robust long form notice that will be sent directly by mail and email, exceeds these standards. *See* Margarian Dec., Ex. A (¶¶ 1.G; 16A.)

The Claims Administrator[18] will, among other things, mail or arrange to be mailed by first-class mail, postage prepaid, the Notice and Claim Forms to Class Members or email to each person on the class list the Notice and Claim Forms if email addresses are available; develop processes and procedures for handling deficient Claim Forms and returned mail; prepare and submit to the Court an Opt-Out list of the Class Members requesting exclusion, as well as a list of all persons who submitted objections to the Settlement; maintain a mailing address to which Class Members can send requests for exclusion, objections, Claim Forms and other correspondence; and create and maintain the Settlement website. Margarian Dec., Ex. A (¶¶ 16.A-16.D.) The Notice will clearly state the Class Vehicles that are the subject of this Settlement, explain the relevant alleged defect, describe the benefits of the Settlement and how to

---

[18] "Claims Administrator" means Kroll Settlement Administration, the third-party entity which BMW NA will pay for, to administer the Settlement and the claims process. Margarian Dec., Ex. A (¶ 1.F.)

obtain them, and direct Class Members to the Settlement website for more information. And, in compliance with the attorney general notification provision of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, notice of this Proposed Settlement will be sent to the Attorney General of the United States and the attorneys general of each state in which a Class Member resides.

## VIII. CONCLUSION

Plaintiff respectfully requests that the Court grant the motion and preliminarily approve the Settlement. The Parties respectfully request that the Court set a schedule for key dates including a date for a final approval hearing and propose the following:

| DATE | EVENT |
|---|---|
| 10/31/2022 | Preliminary Approval Hearing |
| 1/30/2023 | Last Date for Class Notice of Disseminated (90 Days after Preliminary Approval Order) |
| 12/15/2022 | Motions for Approval of Attorneys' Fees and Expenses and Service Awards filed |
| 3/30/2023 | Motion for Final Approval filed |
| 3/16/2023 | Objection and Opt-Out Deadline |
| 4/13/2023 | Reply Memorandum in Support of Final Approval and Fee Application filed (including responses to any objections to proposed settlement) |
| 5/1/2023 | Settlement Fairness Hearing |

DATED: 09/30/2022_____

THE MARGARIAN LAW FIRM
801 North Brand Boulevard, Suite 210
Glendale, California 91203

By */s/ Hovanes Margarian*
Hovanes Margarian
Attorney for Plaintiff
BRIGHTK CONSULTING INC.